Robert B. Carey (SBN 011186)
John M. DeStefano (SBN 025440)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com
johnd@hbsslaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Tiffany Roberts, an individual, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

Garrison Property Casualty and Insurance Company, a Texas corporation,

Defendant.

No. 2:19-cv-01232-SPL

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

FILED UNDER SEAL

(Hon. Steven P. Logan)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 4

A. Factual basis of the claims. ........ 4

B. USAA employs a centralized claims-handling operation with the same personnel, practices, and procedures, across all its underwriting units, including Garrison. ........ 6

III. ARGUMENT ........ 8

A. Legal Standard ........ 8

B. Plaintiff has been diligent in seeking leave to amend. ........ 8

C. Good cause exists because the amendment is purely technical, to conform the pleadings to the evidence regarding class membership, a Rule 23 issue that does not require privity or standing on the part of the Plaintiff. ........ 10

D. The proposed amendment would not be futile. ........ 11

E. The amendment will not prejudice USAA (or Garrison). ........ 12

IV. CONCLUSION ........ 13

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Aloe Vera of Am., Inc. v. United States*, No. CV 99-1794-PHX-JAT, 2005 WL 8159984 (D. Ariz. Feb. 1, 2005) .......... 10

*Cedar Park Assembly of God of Kirkland, Washington v. Kreidler*, 402 F. Supp. 3d 978 (W.D. Wash. 2019) .......... 11

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) .......... 9

*Desertrain v. City of Los Angeles*, 754 F.3d 1147 (9th Cir. 2014) .......... 2, 10

*First Charter Fin. Corp. v. Pandey Hotel Corp.*, No. CV-15-02361-PHX-DJH, 2017 WL 11497289 (D. Ariz. Jan. 27, 2017) .......... 8, 9

*Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762 (9th Cir. 1986) .......... 7, 8

*General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) .......... 2, 10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .......... 10

*Herzog v. Prop. & Cas. Ins. Co. of Hartford*, 244 F. Supp. 3d 1101 (W.D. Wash. 2017) .......... 9

*Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973) .......... 7

*Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252 (9th Cir. 1981) .......... 8

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990) .......... 9

*Palmer v. Stassinos*,
236 F.R.D. 460 (N.D. Cal. 2006)....................................................3

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
309 F.R.D. 645 (W.D. Wash. 2015) .................................................. 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. Rule 15.....................................................*passim*

Rule 16..........................................................................2

Rule 23.......................................................... 2, 6, 9, 10

Rule 30(b)(6) ............................................................ 2, 6, 7, 8

Plaintiff Tiffany Roberts respectfully requests leave to file the First Amended Complaint attached as Exhibit A ("First Amended Complaint"). Plaintiff seeks to amend the Complaint by joining as defendants United Services Automobile Association, USAA Casualty Insurance Co., USAA County Mutual Insurance Co., and USAA General Indemnity Co. (collectively, "USAA"), each a part of USAA's centralized claims-handling operations, to correct the mishandling and underpayment of claims for all USAA underwriting units, not limited to Garrison.

## I.   INTRODUCTION

Plaintiff filed this class action on January 18, 2019, alleging that Garrison Property Casualty and Insurance Co., a division of USAA, violated her insurance policy and Washington law by applying a 10% cap on her coverage.[1] Under the policy, this cap applies only to property "usually located" at a secondary residence, but in practice USAA applies it indiscriminately to any property located outside the primary residence. Plaintiff does not even own a secondary residence, and USAA conceded that full coverage was owed to Roberts after this suit was filed.

Recent discovery has confirmed that USAA employs uniform and centralized claims handling practices and the same 10% "other residence" contract language across all of its underwriting divisions. Plaintiff therefore moves to join USAA's other underwriting units as defendants so the class includes all affected USAA insureds regardless of which underwriting unit happened to issue the policy.[2] The proposed amendment also clarifies that an

---

[1] Dkt. No. 1.

[2] The additional underwriting units are Garrison Property Casualty and Insurance (Garrison), United Services Automobile Association, USAA Casualty Insurance Co., USAA County Mutual Insurance Co., and USAA

injunction will correct USAA's practices by requiring notice to class members and readjustment of their claims based on USAA's recent admission that it has not readjusted the claims of affected customers.[3]

The case management order set September 13, 2019,[4] as the deadline to amend the pleadings, but Rule 16 permits the Court to allow amendment for good cause. Good cause to amend now exists for three reasons:

1) The amendment is a result of testimony from a deposition conducted today (November 20, 2020) in which Garrison's Rule 30(b)(6) representative confirmed that [REDACTED] affecting insureds across those divisions, [5] and that [REDACTED][6]

2) The amendment seeks only to conform the pleadings to the evidence by including within the class definition all USAA insureds affected by the companywide practice Plaintiff seeks to enjoin in this lawsuit, not specifically limited to Garrison policies, *Desertrain v. City of Los Angeles*, 754 F.3d 1147,

---

General Indemnity Co. and, with Garrison, are collectively referred to in this Motion as "USAA."

[3] Plf. Class Cert. Mot. at n.13.

[4] Dkt. No. 25.

[5] *See e.g.* November 20, 2020 Declaration of John M. DeStefano in Support of Motion to Amend ("Decl. ISO Amendment") at Ex. 1, November 20, 2020 Deposition of Defendant's 30(b [REDACTED]). Plain[REDACTED] script. Plaintiff will supplement with the certified transcript as soon as it becomes available.

[6] Plf. Class Cert. Mot. at n. 13.

1155 (9th Cir. 2014) (reversing refusal to permit amendment to conform to the evidence at summary judgment stage)—the amendment is purely technical because its practical effect is to more precisely define the injunction class and relief requested, and Rule 23 imposes no requirement that the named plaintiff possess Article III standing as to the rights of unnamed class members or be in horizontal privity with them. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 163, n.15 (1982); and

3) USAA was fairly on notice of Plaintiff's injunctive claims regarding USAA's centralized claims-handling practice, which by their nature require USAA to readjust the claims of all affected insureds and [redacted] Rule 15(c); *Palmer v. Stassinos*, 236 F.R.D. 460, 464 (N.D. Cal. 2006) (amendment to add new defendants relates back to filing of complaint where new defendants were involved with challenged practice and on notice that pending suit implied a suit against them).

This amendment prejudices no party in any way. [redacted] USAA has been on actual notice of this suit since it was filed. USAA's underwriting units are linked so a single resolution of the dispute against Garrison and USAA would be expeditious.

---

[7] [redacted]

[8] *Id.* at 87:25-88:15.

[9] *Id.* at 71:8-12.

[10] *Id.* at 89:18-21.

A redline of the proposed amended complaint is attached to this Motion as Exhibit A. This Motion is supported by the following Memorandum of Points and Authorities.

## II. BACKGROUND

### A. Factual basis of the claims.

Defendant Garrison Property and Casualty company, a subsidiary of USAA, provides personal property insurance.[11] Its standard form policy promises full, world-wide coverage for personal property, except property usually at a residence other than the one for which premiums are being paid. Specifically, the policy states, "The amount of insurance for personal property usually located at any 'insured's' residence, other than the 'residence premises' is limited to 10% of the amount of insurance for Personal Property Protection, or $1,000, whichever is greater."[12] To be subject to the 10% cap, the property must be ***usually located at a residence other than the residence premises (the residence listed in the declarations page).***[13] For personal property claims, the policy promises full coverage for personal property, other than personal property "usually located" at a second home.[14]

Despite this promise, Garrison applies the 90% reduction to any personal property located outside the primary home at the time of the loss even if it is not usually located at a secondary residence. [REDACTED] [REDACTED].[15] Garrison

[11] Compl. ¶¶ 12-13.

[12] Declaration of John. M. DeStefano ISO Plaintiff's Motion for Class Certification (Decl. ISO Class Cert.) at Ex. 1 (Policy) at USAA00772.

[13] *See Id.*

[14] *Id.*

[15] Concurrently filed Plaintiff's Mot. for Class Certification ("Plf. Class Cert. Mot.") at 4, fn 7.

applies the cap in breach of the contract and in bad faith, without conducting a reasonable investigation into the obligations imposed under the policy and as to whether the personal property is in fact usually located at the insured's secondary residence.

Plaintiff Tiffany Roberts was insured under a Garrison homeowner's policy providing personal property coverage.[16] In moving her personal residence, she rented a storage unit from the Public Storage commercial storage company at a location in Phoenix, Arizona.[17] Plaintiff secured a significant quantity of tangible personal property in the Public Storage unit.[18] The property stored by Plaintiff was not usually kept at a secondary residence.[19] Plaintiff does not even own a secondary residence.[20] The Public Storage facility where Plaintiff had stored her belongings was burglarized, and she lost approximately $70,000 in personal property.[21]

In all its settlement communications before this suit was filed, Garrison insisted that the claim was subject to the 10% cap even though none of Plaintiff's personal property was ever located at a secondary residence.[22] Through her counsel, Plaintiff on numerous occasions brought to Garrison's attention the fact that her property was not usually located at a secondary residence and should not therefore be subject to the 10% cap.[23]

---

[16] Compl. ¶¶ 6, 26.

[17] *Id.* ¶ 22.

[18] *Id.* ¶ 23.

[19] *Id.*

[20] *Id.*

[21] *Id.* ¶ 28.

[22] *Id.* ¶ 23.

[23] Plf. Class Cert. Mot. at 7, n. 27, 28.

[redacted] Garrison asserted that the 10% cap applied and wrongfully refused full payment on this basis—right up until Roberts filed this case in January 2019, after which point Garrison granted Plaintiff full coverage.

Plaintiff filed this putative class action against Garrison alleging breach of contract and bad faith arising from Garrison's wrongful and systematic application of the 10% cap and underpayment of personal property claims, contrary to the express language of the policy, without reasonably investigating the claims. On behalf of the class, Plaintiff seeks an injunction to notify absent class members about USAA's misinterpretation of the 10% "other residence" cap and to require USAA to readjust the claims of USAA insureds consistent with the property interpretation of the cap.[25] Plaintiff also asks the Court to certify an issue-specific class under Rule 23(c)(4) to determine liability and causation classwide, enabling class members to litigate bad faith and damages individually if they choose.[26]

**B. USAA employs a centralized claims-handling operation with the same personnel, practices, and procedures, across all its underwriting units, including Garrison.**

[redacted]

---

[24] *Id.* at 7, n 29.

[25].Plf. Class Cert. Mot. at 2..

[26] *Id.*

[redacted] On the day Plaintiff filed this Motion, Garrison's Rule 30(b)(6) representative confirmed, for the first time in this case, that [redacted]

As a result, the happenstance of Plaintiff being insured by Garrison as opposed to another USAA underwriter made no difference in how her claim was (mis)handled. [redacted] Conversely, the same centralized practices that resulted in the wrongful capping of Plaintiff's claim necessarily have affected the claims of all other USAA insureds to whom the cap was applied. And to the extent Plaintiff seeks injunctive relief on behalf of other insureds that would require USAA to correct its practices, the amendment clarifies that such relief requires USAA to notify and readjust claims for all USAA insureds to ensure that it treats its insureds consistently. In other words, the naming of Garrison as a Defendant does not change the fact that

---

[27] Khounvixay Dep. at 71:13-23.

[28] *Id.* at 72:23-73:1[redacted]

[30] [redacted]

Plaintiff has always challenged and sought to correct USAA's practices as a whole.

## III. ARGUMENT

### A. Legal Standard

Under Federal Rules of Civil Procedure Rule 15(a), a party may amend its pleading with leave of the court, as justice requires. There is a "strong policy to permit the amending of pleadings," *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 765 (9th Cir. 1986); *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973). The Ninth Circuit has observed that the "Supreme Court has instructed lower Federal courts to heed carefully the command of Rule 15(a), Fed. R. Civ. P., by freely granting leave to amend when justice so requires." *Gabrielson*, 785 F.2d at 756. "Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

Where leave to amend is sought after the case management deadline, amendment should be permitted upon a showing of good cause. *First Charter Fin. Corp. v. Pandey Hotel Corp.*, No. CV-15-02361-PHX-DJH, 2017 WL 11497289, at *2 (D. Ariz. Jan. 27, 2017). Amendment to conform the pleadings to the evidence should be freely permitted where it would not prejudice the Defendant on the merits. Fed. R. Civ. P. 15(b)(1). And amendments adding a new Defendant relate back to the filing of the action where the new Defendant "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C).

### B. Plaintiff has been diligent in seeking leave to amend.

Plaintiff has diligently pursued her claims, and Plaintiff has filed this Motion expeditiously following testimony from USAA's 30(b)(6) designee

[redacted] Plaintiff has acted with diligence by confirming this testimony with Garrison's Rule 30(b)(6) witness [redacted] on November 13 and 20, 2020—as well as the fact that [redacted] Many companies maintain separate adjusting operations for separate subsidiaries, and the public record is sparse on which functions are common to all USAA insurers and which are separate. Here, it has been only hours since Plaintiff confirmed the information that is the basis for this Motion.

---

[31] *Id.* at 72:23-73:1 [redacted]

[32] *Id.*

[33] [redacted] *See also*



The passage of time alone is not fatal to granting a motion to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (delay alone is insufficient to justify denial of leave to amend.). Courts generally have cited something more substantial in denying leave to amend where a plaintiff's request is delayed. *See*, *e.g.*, *Morongo*, 893 F.2d at 1079 (upholding the district court's denial of an amendment after a two-year delay where the new claims set forth would have) "greatly altered the litigation" and would have required "an entirely new course of defense."); *Herzog v. Prop. & Cas. Ins. Co. of Hartford*, 244 F. Supp. 3d 1101, 1104 (W.D. Wash. 2017) (denying leave to amend where plaintiff asserted new theories when the facts have been known since inception). No such consideration exists here.

**C. Good cause exists because the amendment is purely technical, to conform the pleadings to the evidence regarding class membership, a Rule 23 issue that does not require privity or standing on the part of the Plaintiff.**

Amendment should be permitted because it is sought only to conform the pleadings to the evidence as discovery progresses. Fed. R. Civ. P. 15(b)(1); *Aloe Vera of Am., Inc. v. United States*, No. CV 99-1794-PHX-JAT, 2005 WL 8159984, at *3 (D. Ariz. Feb. 1, 2005) (permitting amendment "to conform to the evidence thus far elicited in discovery"); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1155 (9th Cir. 2014) (holding that district court abused its discretion by not permitting amendment to conform to the evidence at summary judgment stage). Recently discovered evidence has confirmed that USAA's faulty claims-handling practices impact not only Garrison insureds but also insureds of its other underwriting units. Plaintiff seeks a classwide injunction to correct these practices by notifying insureds and readjusting their claims. Amendment will simply conform the pleadings to the natural scope of the injunction and clarify its effect, which would then reach the

complete set of Garrison insureds affected by USAA's centralized practices and obviate the need for additional, separate class suits to notify those individuals.

The amendment is, in effect, purely technical in nature because the scope of class membership under Rule 23 has nothing to do with her standing to pursue claims. Rule 23 imposes no requirement that the named plaintiff possess Article III standing as to the rights of unnamed class members or be in horizontal privity with them. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 163, n.15 (1982). Regardless of the USAA entity named in the suit, Rule 23 permits Plaintiff to represent the interests of all other USAA insureds if typicality is satisfied. Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Plaintiff's claims are typical of the claims of all USAA insureds because they all arise from a common nucleus of USAA's centralized claims-handling operations, personnel, practices, and procedures.

**D. The proposed amendment would not be futile.**

The proposed amendment would not be futile. "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Cedar Park Assembly of God of Kirkland, Washington v. Kreidler*, 402 F. Supp. 3d 978, 991–92 (W.D. Wash. 2019) (internal citation and punctuation omitted). Leave to amend should be denied when "it appears beyond doubt that the proposed pleading would be subject to dismissal." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 654 (W.D. Wash. 2015).

Here, Plaintiff has alleged facts showing that Garrison and USAA are inextricable from one another and work in unison to underpay personal

property claims by wrongfully applying a 10% cap for property located outside the residence premises. As explained in Plaintiff's concurrently filed motion for class certification, Plaintiff has assembled classwide proof to show that when Garrison and USAA misapply the 10% cap, they act in bad faith and breach the contract with their insureds. Just as Plaintiff alleged sufficient facts to support her claims regarding Garrison, she has done so here, pleading new facts regarding the USAA entities' misapplication of the 10% cap sufficient to support Plaintiff's classwide claims again all proposed defendants.

**E. The amendment will not prejudice USAA (or Garrison).**

Nor would the amendment prejudice USAA (or Garrison). Rule 15(c)(1)(C) expressly provides that joinder of a new Defendant relates back to the filing of the original complaint if, within the original period for service, the new Defendant "received such notice of the action that it will not be prejudiced in defending on the merits." From the original Complaint, USAA knew Plaintiff's allegations regarding its centralized claims-handling operations and Plaintiff's request for injunctive relief to correct the misapplication of the 10% "other residence" cap. Plaintiff's allegations regarding the USAA entities arise from the same illegal and wrongful acts as Plaintiff's claims against USAA, including the same systemwide processes by the same personnel. (Exhibit A ¶¶ 40-60) And USAA was aware from its own records that Plaintiff's claims arose from a standard contract term utilized across USAA's underwriting units. Plaintiff does not intend to seek additional discovery in relation to Plaintiff's proposed amendment.[34] The practical impact of granting Plaintiff leave to amend is limited to (1) ensuring that by way of the requested classwide injunction, there is notice and

[34] Decl. ISO Mot. for Leave to Amend ¶ 4.

readjustment for all USAA insureds affected by the unlawful claims-handling practice, not limited to Garrison insureds; and (2) conserving the resources of the Court and the parties by avoiding the need to litigate a separate class action on behalf of individuals insured by other USAA business units.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion for Leave to Amend Complaint.

Dated: November 20, 2020

Respectfully submitted by,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: *s/ Robert B. Carey*
Robert B. Carey (SBN 011186)
John M. DeStefano (SBN 025440)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com
johnd@hbsslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following:

Nathan D. Meyer
K. Michelle Ronan
Jaburg & Wilk, P.C.
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
ndm@jaburgwilk.com
kmr@jaburgwilk.com

Thomas J. Butler
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
tbutler@maynardcooper.com

By: *s/ Robert B. Carey*
Robert B. Carey